UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 20-62169-LRC |
| | ) | |
| CYNTHIA ANDERSON-GRAYSON, | ) | CHAPTER 13 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE FOR THE CABANA SERIES III TRUST, | ) | CONTESTED MATTER |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CYNTHIA ANDERSON-GRAYSON, and MELISSA J. DAVEY, Trustee, | ) | |
| | ) | |
| Respondents. | ) | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY
AND FOR *IN REM* RELIEF,
OR IN THE ALTERNATIVE, FOR DISMISSAL WITH PREJUDICE**

COMES NOW, U.S. Bank Trust National Association, as Trustee of the Cabana Series III Trust, c/o BSI Financial Services, Inc., its servicing agent ("Movant"), and hereby shows this Court the following:

1.

Pursuant to 11 U.S.C. Section 105(a), 11 U.S.C. Section 362(d), and Fed. R. Bankr. P. 4001, Movant seeks an order that terminates the automatic stay as to Movant and grants *in rem* relief for purposes of allowing Movant to enforce its security interest in certain real property of the estate, commonly known as 1699 Braeburn Drive, Atlanta, GA 30316 ("Real Property") in accordance with the terms of a certain security deed and with applicable non-bankruptcy law. **In the alternative**, Movant seeks an order that

dismisses the above-styled matter with prejudice and that bars Debtor from filing a bankruptcy in any chapter for a period of 180 days.

2.

Debtor filed the above-styled *pro se* Chapter 13 on February 4, 2020.

3.

Movant holds a claim secured by the Real Property. True and correct copies of the subject loan documents are collectively attached hereto as Exhibit "A" and incorporated herein by reference.

4.

Debtor is delinquent on the following post-petition payments:

1 Payment Due 02/19/2020 @ $899.67:  $899.67

Reinstatement Total:  $899.67

5.

The Real Property is not necessary for an effective reorganization, and a viable reorganization is not in prospect.

6.

Movant is not adequately protected.

7.

Debtor has little equity, if any, in the Real Property. Pursuant to the Dekalb County Tax Assessor, the value of the Real Property is approximately $224,300.00. A true and correct copy of the 2019 assessment is attached hereto as Exhibit "B" and incorporated herein by reference. As of February 10, 2020, the payoff on the subject loan was approximately $187,583.83, excluding attorney's fees and costs for this Motion, with an unpaid principal balance of $73,486.81. **The subject loan is due for the August 19, 2009 payment**.

8.

Debtor has demonstrated a clear inability to successfully reorganize, and this inability warrants the lifting of the automatic stay.

9.

The above-styled bankruptcy case is the Debtor's *seventh* Chapter 13 *(six of which were pro se)* involving the Real Property. Debtor has failed to file any schedules in this case. The prior cases are as follows:

1) 19-67686-LRC, **pro se** Chapter 13 filed on November 4, 2019 and **voluntarily dismissed** on December 5, 2019 (**no schedules filed**);

2) 18-57484-LRC, **pro se** Chapter 13 filed on May 1, 2018 and **dismissed** on June 7, 2018 (**for failure to correct filing deficiency**) (**no schedules filed**);

3) 17-63453-LRC, **pro se** Chapter 13 filed on August 1, 2017 and **dismissed** on September 7, 2017 (**for failure to correct filing deficiency**) (**no schedules filed**);

4) 17-50140-LRC, **pro se** Chapter 13 filed on January 3, 2017 and **dismissed** on February 10, 2017 (**for failure to correct filing deficiency**) (**no schedules filed**);

5) 12-61419-CRM, **pro se** Chapter 13 filed on May 1, 2012 and **dismissed** on May 31, 2012 (**for failure to pay filing fee**); and

6) 04-92813-CRM, Chapter 13 filed on April 5, 2004 and discharged on April 19, 2010.

10.

Debtor has filed this *pro se* bankruptcy in bad faith and as part of a continued effort to, via multiple *pro se* bankruptcy filings, hinder and delay Movant from obtaining lawful possession of the Real Property. Because of the numerous prior unsuccessful, short-lived *pro se* bankruptcy filings that were not prosecuted, Movant seeks **in rem relief** as to any future bankruptcies filed by Debtor and/or any other party for a period of two years pursuant to 11 U.S.C. Section 362(d)(4) such that the automatic stay shall not apply to the Real Property during this two year period.

11.

In the alternative, Movant seeks an order dismissing the above-styled matter **with prejudice** and that bars Debtor from filing a bankruptcy in any chapter for a period of 180 days.

12.

Movant has incurred $850.00 attorney's fees and $181.00 costs in bringing this Motion and is entitled to reimbursement for same pursuant to the Loan Documents.

WHEREFORE, Movant prays that this Court, after notice and a hearing:

> a) Waive the stay set forth in FBR 4001(a)(3);
> b) Terminate the automatic stay as to Movant to permit Movant to enforce its security interest in the Real Property in accordance with the terms of the Loan Documents and applicable non-bankruptcy law, including, but not limited to, conducting a foreclosure sale, seeking confirmation thereof in order to pursue any deficiency, and seeking possession of the Real Property pursuant to the laws of the State of Georgia;
> c) Grant *in rem* **relief** regarding the Real Property via an order that shall be binding in any other case filed by the Debtor and/or any other party purporting to affect the Real Property, for a period of two years pursuant to 11 U.S.C. Section 362(d)(4) such that the automatic stay shall not apply to the Real Property during this two year period;
> d) Award $850.00 for the attorney's fees and $181.00 costs incurred by Movant in bringing the Motion;
> e) In the alternative to sections (b) and (c) above, dismiss this Chapter 13 case **with prejudice** and bar Debtor from filing a bankruptcy in any chapter for a period of 180 days; and
> f) Grant such other and further relief as this Court deems just, necessary, and proper.

This 12th day of March, 2020.

Prepared By:  Attorney for Movant

_____/s/_____
Marc E. Ripps
Georgia Bar No. 606515
Email: meratl@aol.com

P.O. Box 923533
Norcross, Georgia 30010-3533
(770) 448-5377

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 20-62169-LRC |
| | ) | |
| CYNTHIA ANDERSON-GRAYSON, | ) | CHAPTER 13 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE FOR THE CABANA SERIES III TRUST, | ) ) ) | CONTESTED MATTER |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CYNTHIA ANDERSON-GRAYSON, and MELISSA J. DAVEY, Trustee, | ) ) | |
| | ) | |
| Respondents. | ) | |

**NOTICE OF ASSIGNMENT OF HEARING**

PLEASE TAKE NOTICE that Movant has filed a motion for relief from the automatic stay and for *in rem* relief, or **in the alternative**, for dismissal with prejudice ("Motion") and related papers with the court seeking an order for relief sought in the Motion.

YOUR RIGHTS MAY BE AFFECTED. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, then you may wish to consult one.) If you do not want the court to lift the automatic stay, or if you want the court to consider your views on the Motion, then you or your attorney must attend a hearing on **March 31, 2020, at 1:15 p.m. in Courtroom 1204, U.S. Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303**. IF STAY OF ACTION IS AGAINST CO-DEBTOR, THEN 20-DAY STAY RESPONSE TIME, U.S.C. SECTION 1301 (d), PLUS THREE DAYS IF SERVICE BY MAIL. THE AUTOMATIC STAY SHALL REMAIN IN EFFECT WITH RESPECT TO MOVANT UNTIL COURT ORDER OTHERWISE.

If you or your attorney do not take these steps, then the court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief. In the event a hearing cannot be held within thirty (30) days from the filing of the Motion as required by 11 U.S.C. Section 362, Movant, by and through counsel, waives this requirement and agrees to the next earliest possible date, as evidenced by signature below.

This 12th day of March, 2020.

PREPARED BY AND CONSENTED TO:
Attorney for Movant


_____/s/_____
Marc E. Ripps
Georgia Bar No. 606515

P.O. Box 923533
Norcross, Georgia 30010-3533
(770) 448-5377
Email: meratl@aol.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 20-62169-LRC |
| | ) | |
| CYNTHIA ANDERSON-GRAYSON, | ) | CHAPTER 13 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE FOR THE CABANA SERIES III TRUST, | ) ) ) | CONTESTED MATTER |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CYNTHIA ANDERSON-GRAYSON, and MELISSA J. DAVEY, Trustee, | ) ) | |
| | ) | |
| Respondents. | ) | |

**CERTIFICATE OF SERVICE**

    This is to certify that I served the parties listed below with a copy of the Motion for Relief from Automatic Stay and for *In Rem* Relief, or in the Alternative, for Dismissal with Prejudice, and of the Notice of Assignment of Hearing by, unless otherwise noted, depositing a true and correct copy of each with the United States Postal Service with sufficient postage affixed thereto to insure first class delivery:

Melissa J. Davey, Esq.
Standing Chapter 13 Trustee
Via Electronic Notice

Cynthia Anderson-Grayson*
2435 Haverford Way
Decatur, GA 30032
    *Pro se

This 12th day of March, 2020.

                                                /s/
                                      Marc E. Ripps
                                      Georgia Bar No. 606515

P. O. Box 923533
Norcross, GA  30010-3533
(770) 448-5377
Email: meratl@aol.com