UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 20-62169-LRC |
| | : | |
| CYNTHIA ANDERSON-GRAYSON, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| | : | |
| S. GREGORY HAYS,<br>Chapter 7 Trustee for the Estate of<br>Cynthia Anderson-Grayson, | : | |
| Plaintiff, | : | |
| v. | : | ADV. PRO. NO. |
| MICHAEL L. GRAYSON, | : | |
| Defendant. | : | |

**COMPLAINT**

COMES NOW S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**" or "**Plaintiff**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Cynthia Anderson-Grayson ("**Debtor**"), by and through undersigned counsel, and files this *Complaint* against Michael L. Grayson ("**Defendant**"), and respectfully shows the Court as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this proceeding under 28 U.S.C. §§ 1334 and 157 and 11 U.S.C. §§ 548, 550 and 551.

2. This adversary proceeding constitutes a core proceeding under 28 U.S.C. § 157 (b)(2).

1

17498692v1

3. Venue is proper in this Court under 28 U.S.C. § 1409 because this adversary proceeding arises in the Chapter 7 bankruptcy case of Debtor Cynthia Anderson-Grayson, Case No. 20-62169-LRC (the "**Bankruptcy Case**"), pending in the Northern District of Georgia, Atlanta Division.

4. Upon information and belief, Defendant is Debtor's son.

5. Defendant is subject to the jurisdiction of this Court and may be served under Rule 7004 of the Federal Rules of Bankruptcy Procedure by first class United States Mail as follows:

> Michael L. Grayson
> 2435 Haverford Way
> Decatur, GA 30032

6. Plaintiff consents to the entry of final orders or judgment by the Bankruptcy Court pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure.

**Statement of Facts**

*a. General Background*

7. Debtor initiated the Bankruptcy Case by filing a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code (the "**Bankruptcy Code**") on February 4, 2020 (the "**Petition Date**").

8. On April 21, 2021, the Bankruptcy Case was converted to a case under Chapter 7.

9. Plaintiff was appointed to the Bankruptcy Case as interim Chapter 7 Trustee pursuant to 11 U.S.C. § 701(a)(1).

10. At the conclusion of the meeting of creditors, on October 6, 2020, Plaintiff became the permanent Chapter 7 Trustee under 11 U.S.C. § 702(d). The duties of Plaintiff

include an obligation to "collect and reduce to money the property of the [Bankruptcy E]state. . . ." 11 U.S.C. § 704(a)(1) (2020).

### b. The Property and the Transfers

11. From September of 2001 until June of 2019, Debtor was the owner of that certain real property with a common address of 1699 Braeburn Drive, Atlanta, DeKalb County, Georgia 30316 (the "**Property**")

12. On or about June 22, 2019, Debtor signed a warranty deed transferring the Property to her son, Michael L Grayson for recited consideration of "$21.00 in silver coin" (the "**First Transfer**"). The deed through which the transfer to Defendant was accomplished was recorded in the real property records of DeKalb County (the "**Real Estate Records**") at Deed Book 27917 beginning at Page 698 on or about November 12, 2019 (the "**Second Transfer**," and, together with the First Transfer, the "**Transfers**"). The Deed references a real estate transfer tax of $0.00.

13. The Second Transfer on November 12, 2019 occurred a little less than three months before the Petition Date.

14. After the Petition Date, US Bank Trust National Association, as Trustee for the Cabana Series III Trust ("**US Bank**"), foreclosed the interest of Debtor and of Defendant in the Property as a result of its first priority security interest in the Property and liquidated its claim against the Property (the "**Claim**"). The resulting foreclosure sale proceeds were greater than the Claim, and US Bank's attorneys are holding the excess proceeds in the amount of $27,235.70 (the "**Excess Proceeds**").

15. US Bank recorded a Deed Under Power in the Real Estate Records on October 1, 2020 at Deed Book 28684 beginning at Page 421.

17498692v1

16. Debtor did not list the Transfers in her *Statement of Financial Affairs for Individuals Filing for Bankruptcy* [Doc. No. 43].

### *c. Debtor's Financial Condition*

17. On her *Schedule E/F: Creditors Who Have Unsecured Claims*, Debtor scheduled total unsecured claims of $451,634.00 [Doc. No. 43 at page 20 of 23].

18. Debtor scheduled total assets with a value of $225,000.00, consisting solely of the Property. [Doc. No. 24 at page 10 of 20].

19. Upon information and belief, Debtor's financial condition did not materially change from the date of the Transfers to the Petition Date.

### COUNT I

### (Avoidance of Transfers under 11 U.S.C. § 548(a)(1)(B))

20. Plaintiff realleges the allegations of paragraphs 1 through 19 above as though fully set forth herein.

21. The Transfers were transfers of an interest of Debtor in property.

22. The Transfers were within two (2) years of the Petition Date.

23. Debtor received less than reasonably equivalent value in exchange for the Transfers.

24. Debtor was insolvent on the date of the Transfers or became insolvent as a result thereof.

25. The Transfers were made to or for the benefit of an insider.

26. Pursuant to 11 U.S.C. § 548(a)(1)(B), Plaintiff is entitled to avoid the Transfers made by Debtor to Defendant.

17498692v1

## COUNT II

### (Avoidance of Transfers
### under 11 U.S.C. § 548(a)(1)(A), Alternative Count)

27. Plaintiff realleges the allegations of paragraphs 1 through 26 above as though fully set forth herein.

28. The Transfers constituted transfers of an interest of the Debtor in property.

29. The Transfers were made within two (2) years of the Petition Date.

30. At the time of the Transfers, the Debtor was insolvent, or the Transfers rendered her insolvent.

31. The Debtor made the Transfers with the actual intent to hinder, delay, or defraud her creditors, as evidenced by the following "badges of fraud:" (a) Debtor received no monetary consideration or value in exchange for the Transfers; (b) the Transfers were to or for the benefit of an insider, her son; (c) the Transfers occurred within two (2) years of the Petition Date; (d) prior to and at the time of the Transfers, the Debtor had substantial debts which remain unpaid; and (e) Debtor was insolvent or rendered insolvent as a result of the Transfers.

32. Under 11 U.S.C. § 548(a)(1)(A), Plaintiff is entitled to avoid the Transfers made by Debtor to Defendant.

## COUNT III

### (Recovery of the avoided transfers
### under 11 U.S.C. § 550)

33. Plaintiff realleges the allegations of paragraphs 1 through 32 above as though fully set forth herein.

34. Defendant was the initial transferee of the Transfers and/or the person for whose benefit the Transfers were made.

17498692v1

35. Pursuant to 11 U.S.C. § 550(a)(1), Plaintiff is entitled to recover for the Estate the Property interest transferred through the Transfers, or the value of the avoided Transfers, from Defendant.

## COUNT IV

### (Preservation of the avoided transfers under 11 U.S.C. § 551)

36. Plaintiff realleges the allegations of paragraphs 1 through 35 above as though fully set forth herein.

37. Once avoided, the Transfers are automatically preserved for the benefit of the Estate, pursuant to 11 U.S.C. § 551.

WHEREFORE, Plaintiff prays that this Court enter a judgment in favor of Plaintiff and against Defendants:

a) avoiding the Transfers pursuant to 11 U.S.C. § 548(a)(1)(B);

b) alternatively, avoiding the Transfers pursuant to 11 U.S.C. § 548(a)(1)(A);

c) requiring Defendant to return to Plaintiff the interest in the Property transferred through the Transfers, or, alternatively, finding Defendant liable for the value of the Transfers pursuant to 11 U.S.C. § 550;

d) preserving the avoided Transfers for the benefit of the Estate, pursuant to 11 U.S.C. § 551;

e) reimbursing Plaintiff for all costs incurred in this action, including interest and attorney's fees; and

17498692v1

  f)  granting such other and further relief as is just and proper.

  Respectfully submitted this 15th day of December, 2021.

ARNALL GOLDEN GREGORY LLP
*Attorneys for Plaintiff*

By: */s/ Michael J. Bargar*
  Michael J. Bargar
  Georgia Bar No. 645709
  michael.bargar@agg.com

171 17th Street, NW, Suite 2100
Atlanta, GA 30363
P: (404) 873-8500
F: (404) 873-8501

17498692v1